PER CURIAM.
This appeal arises from the granting of a petition for supplemental relief filed by the plaintiff Satenig Balikian as next friend and guardian of Hasmig Balikian (Balikian) on October 28, 1985, in which plaintiff sought an extension of the benefits under the insurance policy at issue here. We reverse the trial court’s decision based upon the following brief analysis.
An earlier declaratory relief action had commenced following a dispute between the parties as to Balikian’s eligibility for full coverage under one of two supplemental major medical expense benefit policies issued by defendant North American Life and Casualty Company (North American) to the United Teachers of Dade County. That action resulted in a partial summary judgment for plaintiff rendered in 1980.
In the partial summary judgment the court stated:
This Court finds that Hasmig Balikian is entitled to full coverage under policy 6043 with an effective date of August 26, 1975 issued by Defendant, North American Life and Casualty Company, with payment of benefits commencing from August 26, 1976 and continuing with no right of cancellation up to One Million Dollars ($1,000,000.00) in lifetime benefits or for a period of ten (10) years, whichever occurs first. (Emphasis added.)[1]
On June 13, 1985, Balikian’s counsel wrote to North American to confirm that a new ten year benefit period would commence on August 26, 1986 and that a new $50,000 deductible would be applicable to benefits during this period. On July 23, 1985, North American responded by letter disclaiming responsibility for the new benefit period.
Treating the July 23, letter as an anticipatory breach of the insurance contract and as a violation of the final declaratory judgment, plaintiff filed her petition for supplemental relief and motion to enforce judgment. After reviewing the record, the trial court granted the petition for supplemental relief, holding that
Hasmig Balikian should be afforded the full coverage to which she is entitled under the policy, including benefits payable under subsequent benefit periods *1092 after the applicable deductible has been met.
North American moved for a rehearing. After a full hearing, the motion for rehearing was denied and this appeal ensued.
North American contends, and we agree, that the 1980 partial summary judgment is very specific and provides for benefits to plaintiff “up to One Million Dollars ($1,000,000.00) in life time benefits or for a period often (10) years, whichever occurs first.” (Emphasis added.) Since the trial court had determined that North American was liable for payment of benefits commencing August 26, 1976, the stated ten year benefit period terminated on August 25, 1986 and Balikian is not entitled to another ten year period.
The multiple benefit period contended for by plaintiff is foreclosed by the literal meaning of the language of the partial summary judgment, which is clearly unambiguous. See Boynton v. Canal Authority, 311 So.2d 412 (Fla. 1st DCA 1975) (if language used in a judgment is ambiguous it may be construed, but if language employed is plain and unambiguous there is no room for construction or interpretation, and the effect thereof must be determined in light of the literal meaning of the language used).
We, accordingly, hold that the clear and unambiguous language of the partial summary judgment demonstrates that North American is entitled to judgment as a matter of law. See Boynton, 311 So.2d at 415 (the legal operation and effect of a judgment must be ascertained by a construction and interpretation of its terms, and this presents a question of law for the courts).
Due to our holding, we do not find it necessary to reach the other points on appeal.
For the foregoing reasons, we reverse and remand to the trial court with instructions to enter judgment for North American.
Reversed and remanded with instructions. .

. A final judgment incorporating this partial summary judgment was entered on October 8, 1980. North American Life appealed that decision and this court affirmed. North American Life & Casualty Co. v. Balikian, 405 So.2d 1011 (Fla. 3d DCA 1981).